# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY BLACKMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE PRISON WARDEN<br>A. SCRIBNER, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:08-cv-01650-LJO-SMS PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS IN THIS ACTION AND REQUIRING PLAINTIFF TO PAY $350.00 FILING FEE IN FULL WITHIN FIFTEEN DAYS<br><br>(Doc. 2) |

　　　　Plaintiff Tony Blackman ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On October 29, 2008, Plaintiff filed a complaint and a motion for leave to proceed in forma pauperis.

　　　　28 U.S.C. § 1915 governs proceedings in forma pauperis. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless he is, at the time the complaint was filed, under imminent danger of serious physical injury.[1]

---

[1] The Court takes judicial notice of case numbers 1:99-cv-05822-REC-HGB PC Blackman v. Hartwell (E.D. Cal.) (dismissed 03/12/2001 for failure to state a claim); 3:05-cv-05390-SI Blackman v. Medina (N.D. Cal.) (dismissed 03/13/2006 for failure to state a claim); 3:06-cv-06398-SI Blackman v. Variz (N.D. Cal.) (dismissed

1

1  The Court has reviewed Plaintiff's complaint and finds that Plaintiff does not meet the imminent danger exception.[2] Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). Because Plaintiff has alleged no facts that support a finding he is under imminent danger of serious physical injury, Plaintiff may not proceed in forma pauperis in this action, and must submit the appropriate filing fee in order to proceed with this action.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff is ineligible to proceed in forma pauperis in this action; and
2. Plaintiff shall pay the $350.00 filing fee in full within **fifteen (15) days** from the date of service of this order or this action will be dismissed, without prejudice.

IT IS SO ORDERED.

**Dated:   November 3, 2008**            /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE

---

12/18/2006 for failure to state a claim); and 1:04-cv-06389-AWI-NEW (DLB) (E.D. Cal.) (dismissed 05/18/2007 for failure to state a claim).

[2] Although entitled an "Emergency Complaint," Plaintiff's claims arise from the failure of Defendants to process and/or respond his inmate appeals. (Doc. 1, Comp., pp. 3-4.) Plaintiff alleges the unlawful confiscation of his appeal is discrimination and a hate crime. (Id.)